**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS | ) | |
| OF CHEROKEE COUNTY, KANSAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  1:08-cv-00317-RWR |
| | ) | Judge Richard W. Roberts |
| v. | ) | |
| | ) | |
| KEMPTHORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**NOTICE OF FILING
<u>JOINT APPENDIX OF ADMINISTRATIVE RECORD EXCERPTS</u>**

Pursuant to LCvR 7(n) of the United States District Court for the District of Columbia,

the parties hereby submit their Joint Appendix of Administrative Record Excerpts.


Dated:  September 4, 2008

Respectfully submitted,


Ronald J. Tenpas
Assistant Attorney General
_____/s/with consent*
Amy S. Tryon
Gina L. Allery
U.S. Department of Justice
Environmental and Natural
    Resources Division
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, DC  20026-4378
(202) 353-8596
amy.tryon@usdoj.gov

<u>s/Jonathan L. Abram</u>
Jonathan L. Abram, D.C. Bar No. 389896
jlabram@hhlaw.com
Audrey E. Moog, D.C. Bar No. 468600
amoog@hhlaw.com
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC  20004–1109
(202) 637-5600 (Telephone)
(202) 659-5910 (Facsimile)

*Counsel for Board of Commissioners of Cherokee County*

*Electronic signature executed with
express consent of Defendants' counsel

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BOARD OF COMMISSIONERS          )
OF CHEROKEE COUNTY, KANSAS,     )
                                )
   Plaintiff,    )  Case No.  1:08-cv-00317-RWR
                                )  Judge Richard W. Roberts
v.                              )
                                )
KEMPTHORNE, et al.,             )
                                )
   Defendants.   )
                                )
_____ )

## CERTIFICATE OF SERVICE

   The undersigned counsel for Plaintiff Board of Commissioners of Cherokee

County, Kansas, hereby certifies that on September 4, 2008, the foregoing Joint Appendix of

Administrative Record Excerpts was filed with the Court using the CM/ECF system, which

automatically serves notice of the filing on counsel for the Defendants.


        s/Audrey E. Moog_____
        Audrey E. Moog

**Attachment 1**

Joint Appendix
of Administrative Record Excerpts

**Prepare In Triplicate**

TAAMS Encoded: _____   Module: _____
Date: _____

### TRANSMITTAL OF DOCUMENTS FOR RECORDING

Date: MAY - 1 2007

To:   Muskogee Land Titles & Records Office

From:   **Agency Superintendent, Miami Agency**

Date filed and Document No.

**FILED**

MAY 0 3 2007
07 0400010
DOCUMENT NO.
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

Please record the attached documents(s), identified below by items 1 thru 3.

(1)   Land Area Code   **920**
(2)   **X**   Allotted lands, No. _____   ☐ Tribal lands.
(3)   Document Type   **10**
(4)   Realty File No.   _____

**This document is in conformity
with 54 BIAM Supplement 9.**

Remarks:   **Attached for recording is a Deed to Restricted Indian Land from George R. McWatters Jr. to
USA in trust for the Quapaw Tribe of Oklahoma.   This deed conforms with existing laws and regulations.**

_Paul Yates_
Signature - Superintendent   **(ACTING)**

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Date:   5-3-07

Return to Sender

The documents identified by items 1 thru 3 above have been recorded in the Muskogee Land Titles & Record Office,
Muskogee, Oklahoma; see block in the upper right corner of this page for date and time of recording and document
number assigned.

☒   Document Attached      ☐   Document retained and filed

NOTE:   All Documents will be returned
except R/W, Easements

MIAMI 2007 MAY 4 A 10: 34 RECEIVED

Muskogee Land Titles & Records Office

By _Gretchen Rinin_

*****************************************************************************************

For LTRO use only:

☒   Recorded by _Gh_   Date 5-3-07      ☒   Xeroxed by _Gh_   Date 5-3-07

☒   Imaged by _Gh_   Date 5-3-07

Remarks: _____

(Muskogee LTRO copy)

AR000018

5-5446
modified
May 2005
ILCP

Allottee: See Exhibit 'A'
Tract No: See Exhibit 'A'
Tran. No. 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-07

## UNITED STATES
## DEPARTMENT OF THE INTERIOR
## BUREAU OF INDIAN AFFAIRS

### DEED TO RESTRICTED INDIAN LAND

THIS INDENTURE, Made and entered into this ___27th___ day of ___April___, 2007, by and between:

George R. McWatters Jr. ID # ▮▮▮▮▮▮▮heir of allottee, a married man dealing with his own separate property on which he does not reside, residing at Quapaw, Oklahoma, party of the first part,

And the ___USA in Trust for the Quapaw Tribe of Indians of Oklahoma___ party of the second part:

WITNESSETH, That said party of the first part, for consideration of nine-thousand five-hundred dollars and no/100 ($9,500.00).

In hand paid, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, and convey unto said party of the second part the following described real estate and premises situated on lands located within the Quapaw Tribe of Oklahoma's jurisdictional boundary, to-wit:

See attached Exhibit 'A' for undivided interests,
Legal descriptions and considerations
All located within the Indian Meridian.

This conveyance is made pursuant to the provisions of the Indian Land Consolidation Act Amendments of 2000, Public Law 106–462 (114 Stat., 1992), as amended by the American Indian Probate Reform Act of 2004, Public Law 108-374 (118 Stat., 1773). All revenue from said land interest(s) is encumbered by the United States of America until the purchase price has been repaid or the encumbrance is released by the Secretary.

Together with all improvements thereon and the appurtenances thereunto belonging.

And the said party of the first part, for himself and his heirs, executors, and administrators, does hereby covenant, promise, and agree to and with the said party of the second part, its successors and assigns, that he will forever warrant and defend the said premises against the claims of all persons, claiming or to claim by, through, or under himself only.

To have and to hold said described premises unto the said party of the second part, its successors, executors, administrators, and assigns, forever.

IN WITNESSES WHEREOF, That said party of the first part has set his hand and seal the day and year first above written.

WITNESSES:

_____     *George R. McWatters, Jr.* [SEAL]
                             George R. McWatters Jr.

_____     _____ [SEAL]

_____     _____ [SEAL]

_____     _____ [SEAL]

FILED
MAY 0 3 2007
07  0400010
DOCUMENT NO.
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

AR000019

Acknowledgements must be in accordance with the forms presented by the State in which the land is situated.

STATE OF _Oklahoma_ )
                                         ) ss.
COUNTY OF _Ottawa_ )

BE IT REMEMBERED, That on this _27th_ day of _April_ , A.D. _2007_ before the undersigned, a ___Notary Public___ in and for the County and State aforesaid, personally appeared ___George R. McWatters Jr.___ to me personally known to be the identical person who executed the within instrument of writing, and such person duly acknowledge the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my seal on the day and year last hereinabove written.

_Penny Sexton_
_____
Notary Public
(title)

My Commission expires: _9-2-09_
My Commission number: _01013617_

[Notary seal: PENNY SEXTON NOTARY # 01013617 EXP. 09/02/09 STATE OF OKLAHOMA PUBLIC]

**UNITED STATES
DEPARTMENT OF THE INTERIOR**
Bureau of Indian Affairs
Miami Agency
Miami, Oklahoma 74055

The within deed is hereby approved:  Pursuant with authority delegated by 209 DM 8, 230 DM 1,3 IAM 4.1, and the Muskogee Area Addendum 9901 2 3IAM 4 issued 6/24/1999.

Approval Date: _4/27/2007_                    Acting _Mary Maso_
                                                                    Superintendent ,

F I L ED
MAY 0 3 2007
07 0400010
DOCUMENT NO.
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

AR000020

Exhibit A

Land Interests Owned by George R. McWatters Jr. ID # ███ located within the jurisdictional boundary of the Quapaw Tribe of Indian of Oklahoma

Date Printed April 26, 2007

Page 1

| Tract Number | Legal Description | Undivided Interest | Consideration |
|---|---|---|---|
| 920 B 194 Mehnobah | SE 1/4 of NW 1/4, Section 17, Township 29 North, Range 25 East, Ottawa County, containing 40 acres, more or less. | 1/4 | $ 9,500.00 |

F I L E D

MAY 0 3 2007

02 DOCUMENT NO.
04000010
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

Form No 5-5404
May 1955

Applicant _George M. Watters Jr._

# UNITED STATES
## DEPARTMENT OF THE INTERIOR
### Bureau of Indian Affairs
## INSTRUCTIONS FOR COMPLETING APPLICATION

1. Please answer all questions.
2. Please be sure to sign your name on the space provided on the reverse side of the application
3. Please sign before a witness.  Please have them sign on the reverse side of the application. .

## APPLICATION FOR THE SALE OF INDIAN LAND

Allottee: _See attached Land Inventory_ _____ Reservation: ____920_____

Application is hereby made for the **SALE** of the following described land:___See attached Inventory____.
Containing _____ acres, more or less.

In justification of this application, true statements are made to the following items:
PLEASE ANSWER ALL QUESTIONS

1. Age: _62_

2. Date of Birth ██████████

3. Degree of Indian Blood ___3/8___

4. Single ☐   Widow ☐   Divorced ☐   Married ☒   Widower ☐   Separated☐

5. Education:  Years in Elementary School _8_  High School _4_  College _3_

6. The following persons are dependent upon me for support. (Give names, ages, and relationship)
_KATHY L. McWATTERS , 55 , WIFE_

7. I am enrolled as a _QUAPAW, E SHAWNEE, CHEROKEE_ Indian Enrollment No. _____
   Name of Tribe

8. Permanent Address _5500 S. 630 RD.    QUAPAW        OK        74363_
   (Address)              (City)          (State)       (Zip)

9. Telephone Number ██████████████

10. The amount of my annual income is $ _N/A_

11. My income is obtained from the following sources _N/A_

12. Social Security Number ████████████

AR000022

13. If receiving public assistance grants from the State or general assistance from the Bureau of Indian Affairs, or funds from the Veterans Administration , Social Security, or any regular public benefit, state kind and amount (If none, state none.) _____

14. I do ☐ I do not ☒  live on or make personal use of the land or made improvements to the land covered by the application _____

15. The land is leased and the annual rent received is $ _____ *N/A* _____ (If not leased, state none)

16. I intend to use the proceeds of the sale for the following purpose:  Living Expense ☐  or Personal ☒

I (we) authorize the sale of the land hereto described and hereby accept the present fair market value as indicated by the appraisal.

x *George R. McWatters* _____            x *Kathy McWatters* _____
   APPLICANT PLEASE SIGN HERE                If married, name of spouse

If married, do you wish to have spouse included in conveyance?  Yes ☐  No ☒

If yes- is spouse a Tribal member?  Yes ☐  No ☐

*Don Longlin* _____                        _____ *4-27-07* _____
Witness                                       Date

## Please return the application and one **Inventory** to the Miami Agency for processing.

I hereby certify that the effect of this application was explained to and fully understood by the applicant(s) and the application is hereby:

Accepted for processing: *Don Longlin* _____      Date: *4-27-07* _____

Approved: *Mary Moss* _____              Date: *4/27/07* _____
Actg. Superintendent, Miami Agency, Miami, OK    Phone:  1-800-381-5415

---

**For office use only:**

Does name on application match name on official records?        Yes ☐  No ☐

Does name match Enrollment information?                          Yes ☐  No ☐

Has a copy of marriage certificate been requested?              Yes ☐  No ☐

AR000023

| SURNAME | CHRISTIAN NAME IN FULL | INDIAN NAME | TRIBE |
|---|---|---|---|
| | | Meh-no-bah | Quapaw |

**RESIDENCE**          **P.O.**

**WIFE OR HUSBAND** — Deh Quapaw

**FATHER** — Hon-bah-nah-gres      **FATHER'S TRIBE** — Quapaw
**MOTHER** — Wa-oh-gah-chah-tan-ka   **MOTHER'S TRIBE** — Quapaw

**CHILDREN** — No children

**NO. OF ALLOTMENT** — 178

2d Allotment No 194

| DESCRIPTION | SEC. | TWP. | RANGE | ACRES |
|---|---|---|---|---|
| N E ¼ of S E ¼ | 11 | 28 | 22 | 160 |
| ... | 11 | 28 | 22 | 16.93 |
| ... | 11 | 28 | 22 | 16.69 |
| S W ¼ 3 | 11 | 28 | 22 | 13.50 |
| 2d All - S E ¼ of N W ¼ | 17 | 29 | 25 | 40. |
| | | | | 206.27 |

**BORN**          **DIED** — Feb 8, 1905

**GUARDIAN**

**ADMINISTRATOR**

**REMARKS** — Age on allotment roll - 30 - F

7624        THE FRED WELTY CO., LTD., MAKER, GRAND RAPIDS, MICH.

**Prepare In Triplicate**

TAAMS Encoded: _____ Module: _____
Date: _____

<u>TRANSMITTAL OF DOCUMENTS FOR RECORDING</u>

Date: MAY - 1 2007

Date filed and Document No.

# FILED

MAY 03 2007
07 0400011
DOCUMENT NO.
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

To:    Muskogee Land Titles & Records Office

From:  **Agency Superintendent, Miami Agency**

Please record the attached documents(s), identified below by items 1 thru 3.

    (1)  Land Area Code    **920**
    (2)  X  Allotted lands, No. _____ ☐ Tribal lands.
    (3)  Document Type    **10**
    (4)  Realty File No.    _____

**This document is in conformity with 54 BIAM Supplement 9.**

Remarks:  **Attached for recording is a Deed to Restricted Indian Land from Yannah F. Stephenson to USA in trust for the Quapaw Tribe of Oklahoma. This deed conforms with existing laws and regulations.**

*Paul Yates*
Signature - Superintendent    **(ACTING)**

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Date:  **5-3-07**

Return to Sender

The documents identified by items 1 thru 3 above have been recorded in the Muskogee Land Titles & Record Office, Muskogee, Oklahoma; see block in the upper right corner of this page for date and time of recording and document number assigned.

☒ Document Attached    ☐ Document retained and filed

RECEIVED
MIAMI AGE___
MAY -4 A 10: 34

NOTE:  All Documents will be returned
        except R/W, Easements

Muskogee Land Titles & Records Office

By *Gretchen Linch*

**************************************************************************

<u>For LTRO use only:</u>

☒ Recorded by  *GL*    Date **5-3-07**    ☒ Xeroxed by  *GL*    Date **5-3-07**

☒ Imaged by  *GL*    Date **5-3-07**

Remarks: _____

(Muskogee LTRO copy)

5-5446
modified
May 2005
ILCP

Allottee: See Exhibit 'A'
Tract No: See Exhibit 'A'
Tran. No. 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-07

# UNITED STATES
## DEPARTMENT OF THE INTERIOR
### BUREAU OF INDIAN AFFAIRS

### DEED TO RESTRICTED INDIAN LAND

THIS INDENTURE, Made and entered into this 27 day of *April*, 2007, by and between:

Yannah F. Stephenson ID # ▮▮▮▮▮▮, heir of allottee, a married woman dealing with her own separate property on which she does not reside, residing at Broken Arrow, Oklahoma, party of the first part,

And the _____ USA in Trust for the Quapaw Tribe of Indians of Oklahoma _____ party of the second part:

WITNESSETH, That said party of the first part, for consideration of nine-thousand five-hundred dollars and no/100 ($9,500.00).

In hand paid, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, and convey unto said party of the second part the following described real estate and premises situated on lands located within the Quapaw Tribe of Oklahoma's jurisdictional boundary, to-wit:

See attached Exhibit 'A' for undivided interests,
Legal descriptions and considerations
All located within the Indian Meridian.

This conveyance is made pursuant to the provisions of the Indian Land Consolidation Act Amendments of 2000, Public Law 106-462 (114 Stat., 1992), as amended by the American Indian Probate Reform Act of 2004, Public Law 108-374 (118 Stat., 1773). All revenue from said land interest(s) is encumbered by the United States of America until the purchase price has been repaid or the encumbrance is released by the Secretary.

Together with all improvements thereon and the appurtenances thereunto belonging.

And the said party of the first part, for herself and her heirs, executors, and administrators, does hereby covenant, promise, and agree to and with the said party of the second part, its successors and assigns, that she will forever warrant and defend the said premises against the claims of all persons, claiming or to claim by, through, or under herself only.

To have and to hold said described premises unto the said party of the second part, its successors, executors, administrators, and assigns, forever.

IN WITNESSES WHEREOF, That said party of the first part has set her hand and seal the day and year first above written.

WITNESSES:

_____          *Yannah F Stephenson* [SEAL]
                                   Yannah F. Stephenson

_____          _____ [SEAL]

_____          _____ [SEAL]

_____          _____ [SEAL]

F I L E D
MAY 0 3 2007
07  0400011
DOCUMENT NO._____
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

AR000063

Acknowledgements must be in accordance with the forms presented by the State in which the land is situated.

STATE OF _____ Oklahoma _____ )
                                                          ) ss.
COUNTY OF _____ Ottawa _____ )

BE IT REMEMBERED, That on this ___27th___ day of ___April___, A.D. __2007__ before the undersigned, a ___Notary Public___ in and for the County and State aforesaid, personally appeared _____ Yannah F. Stephenson _____ to me personally known to be the identical person who executed the within instrument of writing, and such person duly acknowledge the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my seal on the day and year last hereinabove written.

_____ Penny Sexton _____
Notary Public
(title)

My Commission expires: __9-2-09__
My Commission number: __01013617__

**UNITED STATES
DEPARTMENT OF THE INTERIOR**
Bureau of Indian Affairs
Miami Agency
Miami, Oklahoma 74055

The within deed is hereby approved:  Pursuant with authority delegated by 209 DM 8, 230 DM 1,3 IAM 4.1, and the Muskogee Area Addendum 9901 2 3IAM 4 issued 6/24/1999.

Approval Date: __4/27/2007__     Actg. Superintendent

FILED
MAY 03 2007
07  0400011
DOCUMENT NO._____
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

AR000064

Form No 5-5404
May 1955

Applicant _Yannah Stephenson_

# UNITED STATES
# DEPARTMENT OF THE INTERIOR
## Bureau of Indian Affairs
# INSTRUCTIONS FOR COMPLETING APPLICATION

1. Please answer all questions.
2. Please be sure to sign your name on the space provided on the reverse side of the application
3. Please sign before a witness.  Please have them sign on the reverse side of the application. .

## APPLICATION FOR THE SALE OF INDIAN LAND

Allottee: _See attached Land Inventory_ _____ Reservation: ___920_____

Application is hereby made for the **SALE** of the following described land: ___See attached Inventory___ .
Containing _____ acres, more or less.

In justification of this application, true statements are made to the following items:
PLEASE ANSWER ALL QUESTIONS

1. Age: _63_

2. Date of Birth _[redacted]_

3. Degree of Indian Blood _3/8_

4. Single ☐    Widow ☐    Divorced ☐    Married ☑    Widower ☐    Separated ☐

5. Education:  Years in Elementary School _____    High School _____    College _✓_    _REGISTERED NURSE_

6. The following persons are dependent upon me for support. (Give names, ages, and relationship)
   _— 0 —_

7. I am enrolled as a _Quapaw, Eastern Shawnee_  _Cherokee_ Indian Enrollment No. _____
   Name of Tribe

8. Permanent Address _2018 ARCH DALE    BROKEN ARROW) OK    74014_
   (Address)               (City)        (State)      (Zip)

9. Telephone Number _[redacted]_

10. The amount of my annual income is $ _N/A_

11. My income is obtained from the following sources _n/a_

12. Social Security Number _[redacted]_

AR000069

13. If receiving public assistance grants from the State or general assistance from the Bureau of Indian Affairs, or funds from the Veterans Administration , Social Security, or any regular public benefit, state kind and amount (If none, state none.) _____ – o – _____

14. I do ☐ I do not ☑  live on or make personal use of the land or made improvements to the land covered by the application_____

15. The land is leased and the annual rent received is $ ___ n/a _____ (If not leased, state none)

16. I intend to use the proceeds of the sale for the following purpose:  Living Expense ☐  or Personal ☑

I (we) authorize the sale of the land hereto described and hereby accept the present fair market value as indicated by the appraisal.

X _Hannah F. Stephenson_____        X _David Stephenson_____
APPLICANT PLEASE SIGN HERE                  If married, name of spouse

If married, do you wish to have spouse included in conveyance?  Yes ☐  No ☑

If yes- is spouse a Tribal member?  Yes ☐  No ☐

_Ron Longer_____        _4-27-07_____
Witness                                              Date

## Please return the application and one **Inventory** to the Miami Agency for processing.

I hereby certify that the effect of this application was explained to and fully understood by the applicant(s) and the application is hereby:

Accepted for processing: _Ron Longer_____   Date: _4-27-07____

Approved: _Mary Ross_____   Date: _4/27/07____
Actg.  Superintendent, Miami Agency, Miami, OK          Phone: 1-800-381-5415

**For office use only:**

| | Yes | No |
|---|---|---|
| Does name on application match name on official records? | ☐ | ☐ |
| Does name match Enrollment information? | ☐ | ☐ |
| Has a copy of marriage certificate been requested? | ☐ | ☐ |

AR000070

5-5446
modified
May 2005
ILCP

Allottee: See Exhibit 'A'
Tract No: See Exhibit 'A'
Tran. No. 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-07

**UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS**

———————

**DEED TO RESTRICTED INDIAN LAND**

THIS INDENTURE, Made and entered into this _18th_ day of _May_, 2007, by and between:

Jan Colbert Killough, ID # ███████ heir of allottee, a single man dealing with his own separate property on which he does not reside, residing at Bluejacket, Oklahoma, party of the first part,

And the _____USA in Trust for the Quapaw Tribe of Indians of Oklahoma_____ party of the second part:

WITNESSETH, That said party of the first part, for consideration of six-thousand three-hundred thirty-three dollars and 33/100 ($6,333.33).

In hand paid, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, and convey unto said party of the second part the following described real estate and premises situated on lands located within the Quapaw Tribe of Oklahoma's jurisdictional boundary, to-wit:

See attached Exhibit 'A' for undivided interests,
Legal descriptions and considerations
All located within the Indian Meridian.

This conveyance is made pursuant to the provisions of the Indian Land Consolidation Act Amendments of 2000, Public Law 106-462 (114 Stat., 1992), as amended by the American Indian Probate Reform Act of 2004, Public Law 108-374 (118 Stat., 1773). All revenue from said land interest(s) is encumbered by the United States of America until the purchase price has been repaid or the encumbrance is released by the Secretary.

Together with all improvements thereon and the appurtenances thereunto belonging.

And the said party of the first part, for himself and his heirs, executors, and administrators, does hereby covenant, promise, and agree to and with the said party of the second part, its successors and assigns, that he will forever warrant and defend the said premises against the claims of all persons, claiming or to claim by, through, or under himself only.

To have and to hold said described premises unto the said party of the second part, its successors, executors, administrators, and assigns, forever.

IN WITNESSES WHEREOF, That said party of the first part has set his hand and seal the day and year first above written.

WITNESSES:

_____

_____     _Jan Colbert Killough_
                              Jan Colbert Killough

_____     _____ [SEAL]

_____     _____ [SEAL]

_____     _____ [SEAL]

U.S. DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
MIAMI, OKLAHOMA
CERTIFIED TRUE COPY

_Carol Ply_    7/10/07
Certifying Officer    Date

**FILED**

07 JUL 12 2007
0400036
DOCUMENT NO.
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

AR000111

Acknowledgements must be in accordance with the forms presented by the State in which the land is situated.

STATE OF _Oklahoma_ )

COUNTY OF _Ottawa_ ) ss.

BE IT REMEMBERED, That on this _18th_ day of _May_, A.D. _2007_ before the undersigned, a _Notary Public_ in and for the County and State aforesaid, personally appeared _Jan Colbert Killough_ to me personally known to be the identical person who executed the within instrument of writing, and such person duly acknowledge the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my seal on the day and year last hereinabove written.

_Penny Sexton_

Notary Public
(title)

My Commission expires: _9-2-09_
My Commission number: _010 13617_



**UNITED STATES
DEPARTMENT OF THE INTERIOR**
Bureau of Indian Affairs
Miami Agency
Miami, Oklahoma 74055

The within deed is hereby approved:  Pursuant with authority delegated by 209 DM 8, 230 DM 1,3 IAM 4.1, and the Muskogee Area Addendum 9901 2 3IAM 4 issued 6/24/1999.

Approval Date: _5-18-07_

_Paul Yates_

(ACTING) Superintendent

**FILED**

JUL 12 2007
07 0400036
DOCUMENT NO.
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

AR000112

**COMANCHE NATION**
P.O. Box 908, Lawton, OK 73502

This is to certify that the records of this office show that
**Jae Colbert Killough**
is of 1/4 degree Indian Blood of the Comanche Nation.

DOB: ▮▮▮▮▮

Date: 06/19/2006

Enrollment No.: 016020

Wallace, Coffey, Chairman
Comanche Nation




5-5446
modified
May 2005
ILCP

Allottee: See Exhibit 'A'
Tract No: See Exhibit 'A'
Tran. No. 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-07

### UNITED STATES
### DEPARTMENT OF THE INTERIOR
### BUREAU OF INDIAN AFFAIRS

### DEED TO RESTRICTED INDIAN LAND

THIS INDENTURE, Made and entered into this __6th__ day of __July__ , 2007, by and between:

Bobbie Rae Starr, ID # ████████ heir of allottee, a single woman dealing with her own separate property on which she does not reside, residing at Oklahoma City, Oklahoma, party of the first part,

And the ____USA in Trust for the Quapaw Tribe of Indians of Oklahoma____ party of the second part.

WITNESSETH, That said party of the first part, for consideration of six-thousand three-hundred thirty-three dollars and 33/100 ($6,333.33).

In hand paid, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, and convey unto said party of the second part the following described real estate and premises situated on lands located within the Quapaw Tribe of Oklahoma's jurisdictional boundary, to-wit:

> See attached Exhibit 'A' for undivided interests,
> Legal descriptions and considerations
> All located within the Indian Meridian.

This conveyance is made pursuant to the provisions of the Indian Land Consolidation Act Amendments of 2000, Public Law 106-462 (114 Stat., 1992), as amended by the American Indian Probate Reform Act of 2004, Public Law 108-374 (118 Stat., 1773). All revenue from said land interest(s) is encumbered by the United States of America until the purchase price has been repaid or the encumbrance is released by the Secretary.

Together with all improvements thereon and the appurtenances thereunto belonging.

And the said party of the first part, for herself and her heirs, executors, and administrators, does hereby covenant, promise, and agree to and with the said party of the second part, its successors and assigns, that she will forever warrant and defend the said premises against the claims of all persons, claiming or to claim by, through, or under herself only.

To have and to hold said described premises unto the said party of the second part, its successors, executors, administrators, and assigns, forever.

IN WITNESSES WHEREOF, That said party of the first part has set her hand and seal the day and year first above written.

WITNESSES:

_____     _Bobbie Rae Starr_ [signature]    [SEAL]
                                      Bobbie Rae Starr

_____     _____    [SEAL]

_____     _____    [SEAL]

_____     _____    [SEAL]

**FILED**
JUL 24 2007
07 0400038
DOCUMENT NO.
EASTERN OKLAHOMA
TITLE SERVICES OFFICE

RECEIVED 2007 JUL 27 A.D.

AR000132

Acknowledgements must be in accordance with the forms presented by the State in which the land is situated.

STATE OF _Oklahoma_ )
                   ) ss.
COUNTY OF _Ottawa_ )

BE IT REMEMBERED, That on this _6th_ day of _July_, A.D. _2007_ before the undersigned, a _Notary Public_ in and for the County and State aforesaid, personally appeared _Bobbie Rae Starr_ to me personally known to be the identical person who executed the within instrument of writing, and such person duly acknowledge the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my seal on the day and year last hereinabove written.

_Tamara R. Summerfield_
Notary Public
(title)

My Commission expires: _6-29-08_
My Commission number: _04005813_



UNITED STATES
DEPARTMENT OF THE INTERIOR
Bureau of Indian Affairs
Miami Agency
Miami, Oklahoma 74055

The within deed is hereby approved:  Pursuant with authority delegated by 200 DM 1, 209 DM 8, 230 DM 1, 3 IAM 4.1, and Muskogee Area Addendum 9901 to 3 IAM 4 issued 6/22/1999.

Approval Date: _7/9/2007_
                          _Mary Moss_
                     (ACTING) Superintendent

FILED
JUL 24 2007
07 0400038
DOCUMENT NO.____
EASTERN OKLAHOMA
TITLE SERVICES OFFICE



## PEORIA TRIBE OF INDIANS OF OKLAHOMA
118 S. Eight Tribes Trail    (918) 540-2535    FAX (918) 540-2538
P.O. Box 1527
MIAMI, OKLAHOMA 74355

CHIEF
John P. Froman

SECOND CHIEF
Jason Dollarhide

May 11, 2007

RE: Membership Verification

Bobbie Rae Starr                    DOB: ███████

To Whom It May Concern:

Please accept this letter of verification for the above referenced individual. She is a
current enrolled member, listed opposite roll #1716 with the Peoria Tribe of Indians of
Oklahoma.

Thank you for your consideration in this matter.

Sincerely,

*Donna Harp*

Donna Harp
Enrollment Clerk

cc:file

| TREASURER | SECRETARY | FIRST COUNCILMAN | SECOND COUNCILMAN | THIRD COUNCILMAN |
|-----------|-----------|------------------|-------------------|------------------|
| John Sharp | Hank Downum | Carolyn Garren | Jenny Rampey | Alan Goforth |



Land being conveyed was
Allotted to Meh-no-bah
Allottee No. Quapaw 178
Tract No. 194

**FILED**

JUL 11 2007

07 0400034

DOCUMENT NO._____

EASTERN OKLAHOMA
TITLE SERVICES OFFICE

**UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS**

**DEED TO RESTRICTED INDIAN LAND**

THIS INDENTURE, Made and entered into this 10 day of July, 2007, by and between the <u>Secretary of the Interior on behalf of the Estate of Billy Lewis Urquhart, aka Billy Louis Urquhart,</u> an Indian of the Creek Nation in the State of Oklahoma, party of the first part, does hereby transfer and convey pursuant to 25 United States Code § 2204 (1) to the <u>Quapaw Tribe of Indians of Oklahoma,  P. O. Box 765, Quapaw, Oklahoma 74363,</u> of said reservation,  party of the second part:

WITNESSETH, That whereas the lands hereinafter described were allotted to or inherited by the said party of the first part under the provisions of legislation by Congress pursuant to which said lands are restricted or held in trust by the United States for the benefit of said grantor and are not subject to taxation; nor to alienation or encumbrance without the consent of the Secretary of the Interior, and whereas the said party of the second party being an Indian Tribe desires to acquire said herein described lands subject to the same conditions, restrictions, and limitations as to taxation, alienation, or encumbrance as now rest there against;

NOW, THEREFORE, for and in consideration of the sum of $6,333.33 (Six thousand three hundred thirty-three dollars and thirty-three cents); the receipt of which sum is hereby acknowledged, the said party of the first part does hereby transfer, set over, and convey to and unto the said party of the second part all right, title, and interest of said party of the first part in and to the lands and premises situated in the County of Ottawa, State of Oklahoma, described as:

1/6 interest in the SE¼NW¼ of Section 17, Township 29 North, Range 25 East of the Indian Meridian, Ottawa County, Oklahoma, containing 40.0 acres, more or less.

together with all the improvements thereon and the appurtenances thereunto belonging, subject to the express condition that the execution of this deed by the party or parties hereto or its approval by the Secretary of the Interior shall not operate in any manner to remove any of the restrictions now resting against said lands, or to remove any trust or other conditions imposed upon said land as expressed in the original trust or any other patent issued therefore, or any part thereof; it being distinctly understood and agreed that the scope and intent of this deed is simply to transfer and convey such right, title, and interest as the party of the first part now has in such lands to the said party of the second part subject to the conditions, restrictions, and limitations as now rest there against in the hands of the party of the first part.

TO HAVE AND TO HOLD SAID above-described heirs, executors, administrators, and assigns unto the said party of the second part, its heirs, executors, administrators, and assigns forever.

IN WITNESSES WHEREOF, That said party of the first part has hereunto set her hand and seal the day and year first above written.

_Mary Moss_

Acting Superintendent, Miami Agency, on behalf of the Estate
of Billy Lewis Urquhart

STATE OF OKLAHOMA          )
                                              ) ss.
COUNTY OF _Muskogee_     )

BE IT REMEMBERED, That on this 10th day of July, A.D. 2007 before the undersigned, a _Notary Public_  in  and  for  the  County and State aforesaid, personally appeared <u>Mary Moss, Acting Superintendent, Miami Agency</u> to me personally known to be the identical person who executed the within instrument of writing, and such person duly acknowledge the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my seal on the day and year last hereinabove written.

_Mary L. Downing_

Notary Public

My Commission expires:_____

UNITED STATES
DEPARTMENT OF THE INTERIOR
Bureau of Indian Affairs
Miami Agency
Miami, Oklahoma

OFFICIAL SEAL
MARY L. DOWNING
NOTARY PUBLIC OKLAHOMA
MUSKOGEE COUNTY
COMM. NO. 00005266 EXP. 04-20-08

Approved pursuant to authority delegated by 200 DM1, 209 DM 8, 230 DM 1, 3 IAM 4.1, and Muskogee Area Addendum 9901 to 3 IAM 4 issued 6/22/1999.

Date: _7/10/2007_

_Mary Moss_

Acting Superintendent

# QUAPAW TRIBE OF OKLAHOMA

P.O. Box 765
Quapaw, OK 74363-0765

RECEIVED

2007 JUL -9  P 1:35

BIA-EORO
MAILROOM

(918) 542-1853
FAX (918) 542-4694

July 3, 2007

Mary Downing, Deputy Regional Administrator
Annette Jenkins, Realty Officer
Eastern Oklahoma Region
United States Bureau of Indian Affairs
3100 W. Peak Boulevard
Muskogee, Oklahoma 74401

Re:    Land Acquisitions by Quapaw Tribe of Oklahoma (O-Gah-Pah)

Dear Mary and Annette:

Recently I corresponded with Director Hanna concerning the Quapaw Tribe's ongoing efforts to acquire the minority interests in an undivided 40-acre parcel of land known as the Meh-No-Bah Allotment. The two remaining restricted interests are those of Bobbie Rae Killough and her brother, Billy Lewis Urquhart, who is deceased. Mary has advised us that, based upon our recent research, the Secretary can acquire Ms. Bobbie Killough's interest in trust for the Quapaw Tribe immediately through the Indian Land Consolidation Act ("ILCA"). Although we have explored various alternatives with your office, we are advised that the deceased brother's interest can also be acquired immediately in trust for the Tribe through 25 U.S.C. § 2204(a)(2)(A). We would appreciate your assisting us with completing both of these conveyances immediately after the holiday on Thursday.

## Conveyance of Bobbie Killough Interest

As I understand, and thanks to the assistance of you and others within the agency, I understand that we can complete the acquisition of Ms. Killough's one-sixth undivided interest immediately. I believe the Miami Agency already has prepared her ILCA sale packet, and that it is ready for signing. We would appreciate your helping us close on this conveyance on Thursday. If you can confirm that this conveyance is ready to complete early Thursday morning, I will make arrangements with Ms. Killough to go to the Agency Thursday afternoon.

## Conveyance of Billy Urquhart Interest

This past Monday, we had delivered to your office the adoption and other sealed records relating to Mr. Urquhart, and which I understand clearly establish that he was of substantial Muscogee (Creek) heritage. From my recent conversations with Mary, I understand that this information is sufficient to permit the Secretary to take this land into trust for the Tribe through ILCA.

AR000143

Ms. Mary Downing
Ms. Annette Jenkins
July 3, 2007
Page 2


I have personally visited extensively over the past few days with various officers in the agency concerning whether the fact that the Urquhart estate has not been probated poses any problems, and I am advised that it does not. Various persons within the agency who are knowledgeable about realty and probate matters have advised me that the Urquhart interest can be conveyed into trust immediately for the benefit of the Tribe through 25 U.S.C. § 2204. This section of ILCA provides:

> "The Indian tribe may purchase all interests in a tract described in paragraph (1) with the consent of the owners of undivided interests equal to at least 50 percent of the undivided interest in the tract."

25 U.S.C. § 2204(a)(2)(A). The next section, § 2204(a)(2)(B) expressly states that "[i]nterests owned by an Indian tribe in a tract may be included in the computation of the percentage of ownership of the undivided interests in that tract for purposes of determining whether the consent requirement under subparagraph (A) has been met." *Id.* As of today, a four-sixths interest in the tract is held in trust for the benefit of the Tribe, and that will increase to a five-sixth undivided interest when Ms. Killough's conveyance is completed. As a result, it is our understanding that the Tribe is eligible to close on the remaining minority interests immediately, and that the proceeds from the sale will be distributed to the heirs when a probate is completed.

The advice I have received from various persons, including one of the drafters of ILCA, Wayne Nordwall, is that this section of the statute was written for the very purpose of the conveyance the Quapaw Tribe is requesting. In particular, I am told that this section is used to permit Tribes to acquire undivided minority interests when one or more of the minority restricted owners cannot be found. The situation relating to the Urquhart interest is very similar to that situation. However, in this situation, the only two potential heirs to the proceeds from this conveyance, Jan Killough and Bobbie Killough, have fully consented to the conveyance to the Tribe, and in fact they are anxious to complete this conveyance.

The process of completing the acquisition of the undivided interests in this tract has been prolonged, and the Quapaw Tribe would appreciate very much your helping us complete the Urquhart acquisition into trust as soon as possible on Thursday.

### Notice of Death of Billy Urquhart

Finally, the advice I have received about § 2204(a)(2)(A) is that the BIA will need to open a probate matter—or at least to open an IIM Account number—for the Urquhart estate so that there is an account available in which to deposit the proceeds from the conveyance to the Tribe. To assist you in that process, I am enclosing a copy of the official death certificate for Mr. Urquhart.

I want to again thank both of you for your assistance with these conveyances. This has been a long process, and I know you are glad to see it come to a conclusion. As I have explained

AR000144

Ms. Mary Downing
Ms. Annette Jenkins
July 3, 2007
Page 3


in the last few days to Mary, it is becoming very urgent that the Tribe be able to conclude these conveyances, and for that reason we would appreciate any assistance you could provide to us to help complete them as soon as possible on Thursday.

Sincerely,

John L. Berrey, Chairman
Quapaw Tribal Business Committee

JLB/

cc:    Quapaw Tribal Business Committee
       Stephen R. Ward, General Counsel

Enclosure

05/28/07  17:55 FAX 9185988892        CONNER & WINTERS                    ☑002

# QUAPAW TRIBE OF OKLAHOMA

P.O. Box 765
Quapaw, OK 74363-0765

(918) 542-1853
FAX (918) 542-4694

May 28, 2007

Jeanette Hanna, Regional Director
Eastern Oklahoma Region
United States Bureau of Indian Affairs
3100 W. Peak Boulevard
Muskogee, Oklahoma 74401

Re:    Land Acquisition by Quapaw Tribe of Oklahoma (O-Gah-Pah)

Dear Jeanette:

In the Department of the Interior's Appropriation for FY 2004, $1 million of the $21,980,000 appropriated in the Bureau of Indian Affairs' budget for land consolidation was earmarked for "the land consolidation efforts of the Quapaw Tribe." *See* Pub. L. No. 108-108, and H.R. Rep. No. 108-330. Pursuant to this authorization, the Quapaw Tribe has had an active program of acquiring fractionated interests in parcels of land pursuant to the Indian Land Consolidation Act (the "ILCA"), 25 U.S.C. § 2212. We are currently finalizing our acquisition of the minority undivided interests in a 40-acre parcel of land, and we need your assistance in completing the transaction as quickly as possible. Please consider this letter a formal request made pursuant to 25 U.S.C. § 2216(c) and other applicable law for the Secretary to take into a trust for the Quapaw Tribe a fractionated fee interest in this tract, the majority interest in which is already held in trust for the Tribe.

## Background

The tract of land at issue is original Quapaw Allotment No. 178/194 (Meh-No-Bah), in which the Quapaw Tribe has acquired a two-thirds (2/3) undivided interest in trust. The trust interests were acquired using funds appropriated by Congress for the use of the Tribe pursuant to Pub. L. No. 108-108, and were acquired pursuant to the fractional interest acquisition program of the ILCA. *See* 25 U.S.C. § 2212(a)(1). Two individuals, Bobbie Rae Killough a/k/a Bobbie Rae Starr and Jan Colbert Killough, own the remaining undivided interests in the tract. Bobbie Killough, who is a member of the Peoria Tribe of Oklahoma, owns a one-sixth (1/6) undivided interest in her own name. Bobbie Killough and her brother, Jan Killough, who is a member of the Comanche Nation, own equal shares of a one-sixth (1/6) undivided interest in the tract they obtained from a deceased brother, Billy Lewis Urquhart. Together, the remaining undivided interests in the tract not owned by the Tribe amount to a two-sixths (2/6) or one-third (1/3) undivided interest in the tract. The Killoughs both have signed agreements to convey their remaining interests in the tract to the Tribe, and all parties are awaiting only your determination as to its status to conclude this transaction.

AR000150

Jeanette Hanna, Regional Director
May 28, 2007
Page 2

    It is our understanding that your office will very shortly—hopefully early this week—make a determination concerning whether Billie and Jan Killough's interests in the tract are fee or restricted interests, and that it is highly likely the Killoughs' interests will be determined to be fee interests. We have been advised by the head of the Bureau's land acquisition office, Mr. Robin Jaeger, that we cannot use our remaining funds in the acquisition program to acquire the Killoughs' interests if those interests are not presently "in trust or restricted status" as contemplated by 25 U.S.C. § 2212(a)(1). However, Mr. Jaeger has advised us that, if necessary, he can make available limited funds contained in the reinvestment fund created pursuant to 25 U.S.C. § 2215(b). As I understand, Mr. Jaeger believes that section authorizes the acquisition of *any* undivided interests and does not expressly limit use of the funds to undivided interests that are currently in trust or restricted status. Given the limited amount of funds available from Mr. Jaeger's office, and given the Quapaw Tribe's desire to finalize the consolidation of our interests in the land as quickly as possible, we are prepared to acquire the remaining one-third interest using solely *Tribal* funds.

    Since the Quapaw Tribe's private funds will be used for the acquisition, and assuming this remaining one-third undivided fractional interest is in unrestricted or fee status, we understand that we cannot use § 2212 to complete the transaction. Instead, we are requesting that the remaining one-third interest be declared held in trust for the benefit of the Quapaw Tribe pursuant, in part, to 25 U.S.C. § 2202. *See also* 25 C.F.R. § 151.5.

    Section 2202 extends Section 5 of the Indian Reorganization Act (the "IRA"), 25 U.S.C. § 465, to all tribes. Section 5 is the general authority for the Secretary to acquire land in trust for tribes. The above-cited provision in the regulations acknowledges that Oklahoma tribes may use Section 5 of the IRA to acquire land, even though they are not organized under the IRA. Thus, pursuant to 25 C.F.R. § 151.9, we are requesting that your office approve the acquisition by the United States of the Killoughs' remaining one-third undivided fractional interest in trust for the Quapaw Tribe.

### Secretary's Acquisition of Fractionated Interests Under 25 U.S.C. § 2216(c)

    Although our Tribe has extensive experience in working with ILCA, we have not previously worked with the Bureau on a transaction of this type. As a result, we have attempted to gather as much information as possible about how to address a situation such as we face, in which a tribe needs to acquire fractional fees interests in order to be in a position to use a tract of land. We are advised that 25 U.S.C. § 2216(c) was included in ILCA to address this precise problem.

    Section 2216(c)—which was subsection 217(c) in the original bill—provides as follows:

        "An Indian, or the recognized tribal government of a reservation, in possession of an interest in trust or restricted lands, at least a portion of which is in trust or restricted status on November 7, 2000 and located within a reservation, may request that the

05/28/07  17:55 FAX 9185868092          CONNER & WINTERS                    ☑004

Jeanette Hanna, Regional Director
May 28, 2007
Page 3

interest be taken into trust by the Secretary.  Upon such a request, the Secretary shall
forthwith take such an interest into trust."

25 U.S.C. § 2216(c).  It is our understanding that this provision requires the Secretary, upon
request by a tribe, to take into trust for the tribe fractionated shares of land if at least a portion of
the tract was in trust or restricted status as of November 7, 2000.

The legislative history of Section 2216(c) appears to make this very clear.  The legislative
history of the section, the relevant part of which is attached, provides, in full:

> *Acquisition of Interest by Secretary.*—Subsection 217(c) [codified as 25 U.S.C.
> §2216(c)] addresses situations where some or most of a parcel is held in trust, but some
> undivided interests in the same parcel have passed out of trust.  In these situations, when
> the land is located within a reservation, the Secretary is to take these lands into trust
> forthwith.  These provisions will facilitate greater consolidation and assist in the
> administration of interests in trust and restricted lands.  In particular, having
> on-reservation parcels that are only partially held in trust interferes with a tribe's ability
> to consolidate such interests and each Indian owner's ability to exchange interests in
> order to consolidate their holdings.  Since these undivided interests in these lands are
> already in trust and located within a reservation, implementing this provision should be
> relatively simple.  Subsection (d) ensures that the trust status of trust or restricted lands is
> not affected by the sale or exchange."

S. Rep. No. 106-361, at 22 (2000).

Our request to have the remaining interests in this tract taken into trust meets both of the
statutory requirements.  First, "at least a portion of" the Meh-No-Bah Allotment was "in trust or
restricted status on November 7, 2000."  A two-thirds interest in the tract has, in fact, remained
in restricted status since the second Quapaw allotment in 1895.  The restricted interest was, until
the trust acquisition occurred recently, held by Jan Killough (a one-sixth undivided interest) and
two Quapaw Tribal members, George R. McWatters, Jr., and Yannah Stephenson (each held a
one-quarter undivided interest).

Second, the tract of land is within a "reservation" for purposes of the statute, since it is
land within the Quapaw Tribe's original reservation.  For purposes of the Bureau's land
acquisition regulations, an "Indian reservation" means, for the Oklahoma tribes, "that area of
land constituting the former reservation of the Tribe as defined by the Secretary."  25 C.F.R.
§ 151.2(f).  This regulation only makes sense, as otherwise there would be no way for the
Oklahoma tribes to eliminate fractionated interests in land and consolidate their ownership of
land.

In summary, as we understand § 2216(c), once you determine that the remaining interests
in the Meh-No-Bah Allotment are in fee, the Quapaw Tribe may complete its pending

05/28/07  17:55 FAX 9185888992        CONNER & WINTERS              ☒005

Jeanette Hanna, Regional Director
May 28, 2007
Page 4

acquisition of them, and present a deed to you in a form acceptable to the Bureau for acquisition by the Secretary "forthwith" into trust.

### Request for Acquisition of the Remaining Interests in the Tract in Trust

Section 151.9 of the regulations does not require any specific format for a request for acceptance of land in trust under § 2216(c), but does ask for information which shows that the acquisition comes within the terms of Part 151. For this purpose, we are providing the following information and comments concerning our request that the Secretary acquire the remaining minority interests in the Meh-No-Bah Allotment that are not already in trust:

1.    The requested acquisition is within the BIA's tribal land acquisition policy, as the tract at issue is within the exterior boundaries of the Quapaw Tribe's original reservation, and the Quapaw Tribe already owns a majority interest in the land. *See* 25 C.F.R. § 151.3(a)(1) & (2). As noted, in Oklahoma a "reservation" is defined as that area of land constituting the former reservation of the tribe making the trust acquisition request. *See* 25 C.F.R. § 151.2(f). Attached are maps showing the Tribe's original reservation boundaries, with the location of Quapaw Allotment No. 178/194 marked on the map. As you will note, the Tribe's original reservation was bounded by Kansas on the north and Missouri on the east. The Meh-No-Bah Allotment is in the far northeastern corner of Oklahoma.

2.    Copies of the deeds conveying the two-thirds undivided interest already acquired for the Quapaw Tribe are attached.

3.    The two-thirds interest already acquired by the Quapaw Tribe was in trust or restricted status on November 7, 2000. As noted, a tribe that acquires additional fractional interests in a parcel of land at least a portion of which was held in trust on November 7, 2000, may request the Secretary to take those additional interests in trust. Section 2216(c) expressly provides that "[u]pon such request, the Secretary shall forthwith take such interest into trust." By this letter, the Quapaw Tribe is making a formal request that the Killoughs' remaining interests be taken into trust for the Tribe, once they are acquired by the Tribe.

4.    Upon a determination by your office that the remaining one-third interest in the tract is in fee, the Tribe will immediately close with the Killoughs, and provide you with copies of the deeds from the Killoughs conveying such interest to the Tribe. We will also forward to you a copy of a title opinion meeting the requirements of the *Standards for the Preparation of Title Evidence In Land Acquisitions by the United States,* as required by 25 C.F.R. § 151.13.

5.    At the appropriate time, the Tribe will provide your office or the Miami Agency with a draft deed conveying the remaining one-sixth interest in the Meh-No-Bah Allotment from the Quapaw Tribe to the United States in trust for the Quapaw Tribe, and draft acceptance language meeting current BIA requirements.

AR000153

05/28/07  17:55 FAX 9185868992           CONNER & WINTERS                    ☑006

Jeanette Hanna, Regional Director
May 28, 2007
Page 5

We have appreciated very much the assistance you, Mary Downing, and Annette Jenkins have provided on this matter to date.  I understand that we both are in somewhat uncharted territory, but we have attempted to the extent possible to obtain advice about ILCA, which we are glad to share with you and your office.  The Tribe would like to conclude the final acquisition of the remaining interests in the tract that are not in trust as soon as possible;  the Killoughs are very anxious to close on their conveyances to the Tribe, and I have a concern that the Tribe may lose an opportunity if this process cannot be concluded soon.  To that end, we would appreciate anything you or your office could do to expedite our request.

If any additional information is needed to process our request, please let us know and we will provide the information as quickly as possible.

Sincerely,

John L. Berrey, Chairman
Quapaw Tribal Business Committee

JLB/nsf

cc:     Quapaw Tribal Business Committee
        Mary Downing, Deputy Regional Director
        Annette Jenkins, Regional Realty Officer
        Stephen R. Ward, General Counsel

Enclosures

AR000154

5/25/07  16:31 FAX 9185868992        CONNER & WINTERS                    ☑001/004



# CONNER & WINTERS

### ATTORNEYS & COUNSELORS AT LAW

# Fax

DATE:         May 25, 2007

| TO | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| Mary Downing, Deputy Regional Director | Bureau of Indian Affairs, Eastern Oklahoma Region, Muskogee, Oklahoma | (918) 781-4600 | (918) 781-4604 |
| Annette Jenkins, Realty Officer | Bureau of Indian Affairs, Eastern Oklahoma Region, Muskogee, Oklahoma | (918) 781-4633 | (918) 781-4637 |

FROM:                          Stephen R. Ward

WRITER'S DIRECT DIAL:          (918) 586-8978

WRITER'S DIRECT FAX:           (918) 586-8698

CLIENT MATTER NO.:             08632-0032

TOTAL PAGES (including cover):  4

If you have any problems with this transmission, please call: Nancy Fields, (918) 586-5707.

> Is this for Service of Documents?
> Please indicate the local time deadline:
> Confirmation Requested?

COMMENTS:

Mary and Annette:

    As a follow-up to our conversation this morning, I am attaching a draft letter from Chairman Berrey to Director Hanna outlining our understanding of the process that is appropriate for the acquisition in trust of minority fractional shares in land the majority interest of which is already held in trust by the United States for a tribe. We hope to have a final version of this letter ready to deliver to your office on Tuesday. In the meantime, please do not hesitate to call either Chairman Berrey or me if you have any questions or comments. We appreciate very much all of the assistance you have provided to date on this matter.

                Steve

THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address below via the United States Postal Service. Thank you.

CONNER & WINTERS, LLP   4000 One Williams Center   Tulsa, Oklahoma 74172-0148
www.cwlaw.com

AR000169

May 25, 2007

Jeanette Hanna, Regional Director
Eastern Oklahoma Region
United States Bureau of Indian Affairs
3100 W. Peak Boulevard
Muskogee, Oklahoma  74401

>    Re:    Land Acquisition by Quapaw Tribe of Oklahoma (O-Gah-Pah)

Dear Jeanette:

In the Department of the Interior's Appropriation for FY 2004, $1 million of the $21,980,000 appropriated in the Bureau of Indian Affairs' budget for land consolidation was earmarked for "the land consolidation efforts of the Quapaw Tribe." *See* Pub. L. No. 108-108, and H.R. Rep. No. 108-330. Pursuant to this authorization, the Quapaw Tribe has acquired several parcels of land pursuant to the Indian Land Consolidation Act (the "ILCA"), 25 U.S.C. § 2212. We are currently finalizing our acquisition of a 40-acre parcel of land and need your assistance in completing the transaction.

The Quapaw Tribe has acquired a two-thirds (2/3) undivided interest in trust in Quapaw Allotment No. 178/194 (Meh-No-Bah). The interests were acquired using funds appropriated pursuant to Pub. L. No. 108-108, and acquired pursuant to the fractional interest acquisition program of the ILCA. *See* 25 U.S.C. § 2212(a)(1). Two individuals, Bobbie Killough and Jan Killough, own the remaining undivided interests in the tract. Bobbie Killough, who is a member of the Peoria Tribe of Oklahoma, owns a one-sixth interest (1/6) undivided interest in her own name, and Bobbie Killough and her brother, Jan, who is a member of the Comanche Nation, also own equal shares of a one-sixth (1/6) undivided interest they received from a deceased brother, Billy Lewis Urquhart.

It is our understanding that your office will very shortly make a determination concerning whether Billie and Jan Killough's interests in the tract is a fee or a restricted interest. We have been advised by the head of the Bureau's land acquisition office, Mr. Robin Jaeger, that we cannot use our remaining funds in the acquisition program to acquire the Killoughs' interests if those interests are not presently "in trust or restricted status" as contemplated by 25 U.S.C. § 2212(a)(1). However, Mr. Jaeger has advised us that he can make available limited funds contained in the reinvestment fund created pursuant to 25 U.S.C. § 2215(b). As I understand, Mr. Jaeger believes that section authorizes the acquisition of *any* undivided interests and does not expressly limit use of the funds to undivided interests that are currently in trust or restricted status. Given the limited amount of funds available from Mr. Jaeger's office, and given the Quapaw Tribe's desire to finalize the consolidation of our interests in the land, we are prepared

AR000170

05/25/07  16:31 FAX 9185868992          CONNER & WINTERS                    ☑003/004

Jeanette Hanna, Regional Director
May 25, 2007
Page 2

to acquire the remaining one-third interest using Tribal funds. In fact, the Killoughs have agreed to sell their interest to the Tribe, and are awaiting your determination as to its status.

Since the Quapaw Tribe's private funds will be used for the acquisition, and assuming this remaining one-third undivided fractional interest is in unrestricted status, we cannot use § 2212 to complete the transaction. Instead, we are requesting that the remaining one-third interest be declared held in trust for the benefit of the Quapaw Tribe pursuant to 25 U.S.C. § 2202. *See also* 25 C.F.R. § 151.5. Section 2202 extends Section 5 of the Indian Reorganization Act (the "IRA"), 25 U.S.C. § 465, to all tribes. Section 5 is the general authority for the Secretary to acquire land in trust for tribes. The cited provision in the regulations acknowledges that Oklahoma tribes may use Section 5 of the IRA to acquire land, even though they are not organized under the IRA. Thus, pursuant to 25 C.F.R. § 151.9, we are requesting that your office approve the acquisition by the United States of this one-third undivided fractional interest in trust for the Quapaw Tribe.

Section 151.9 of the regulations does not require any specific format for a request for acceptance of land in trust, but does ask for information which shows that the acquisition comes within the terms of Part 151. We submit the following and will submit any additional material your office may need to consider our request.

1.       The acquisition is within the BIA's tribal land acquisition policy as it is within the exterior boundaries of the Quapaw Tribe's original reservation, and the Quapaw Tribe already owns a majority interest in the land. *See* 25 C.F.R. § 151.3(a)(1) & (2). In Oklahoma "reservation" is defined as that area of land constituting the former reservation of the tribe making the trust acquisition request. *See* 25 C.F.R. § 151.2(f). Attached is a map showing the Quapaw Tribe's former reservation, with the location of Quapaw Allotment No. 178/194 marked on the map.

2.       Copies of the deed(s) for the two-thirds interest already acquired by the Quapaw Tribe and held in restricted status for the Tribe pursuant to 25 U.S.C. § 2212 are attached.

3.       The two-thirds interest already acquired by the Quapaw Tribe was in trust or restricted status on November 7, 2000. A tribe that acquires additional fractional interests in a parcel of land at least a portion of which was held in trust on November 7, 2000, may request the Secretary to take those additional interests in trust. Section 2216(c) of Title 25 expressly provides that "[u]pon such request, the Secretary shall forthwith take such interest into trust." By this letter, the Quapaw Tribe is making a request that the Killoughs interests be taken into trust.

4.       Upon a determination by your office that the remaining one-six interest in the tract is in fee, the Tribe will immediately close with the Killoughs, and convey to you copies of the deeds from the Killoughs conveying the remaining one-sixth interest in the tract to the Quapaw Tribe. We will also forward to you a copy of a title opinion meeting the requirements

AR000171

05/25/07  16:31 FAX 9185868992         CONNER & WINTERS                    ☒004/004

Jeanette Hanna, Regional Director
May 25, 2007
Page 3

of the *Standards for the Preparation of Title Evidence In Land Acquisitions by the United States*, as required by 25 C.F.R. § 151.13.

     5.    A copy of a draft deed from the Quapaw Tribe to the United States in trust for the Quapaw Tribe, and draft acceptance language meeting current BIA requirements is attached.

If any additional information is needed to process our request, please let us know and we will provide the information as quickly as possible.

          Sincerely,

          John L. Berrey, Chairman
          Quapaw Tribal Business Committee

JLB/nsf

cc:    Quapaw Tribal Business Committee
       Stephen R. Ward, General Counsel

AR000172

Case 1:08-cv-00317-RWR    Document 25-2    Filed 09/04/2008    Page 34 of 43
5/25/07  17:23 FAX 9185868992    CONNER & WINTERS    Filed 06/23/2008    Page 1 of 17
Case 1:08-cv-00317-RWR    Document 18-13    Filed 06/23/2008    Page 1 of 17



## CONNER & WINTERS
### ATTORNEYS & COUNSELORS AT LAW

# Fax

DATE:    May 25, 2007

| TO | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| Mary Downing, Deputy Regional Director | Bureau of Indian Affairs, Eastern Oklahoma Region, Muskogee, Oklahoma | (918) 781-4600 | (918) 781-4604 |
| Annette Jenkins, Realty Officer | Bureau of Indian Affairs, Eastern Oklahoma Region, Muskogee, Oklahoma | (918) 781-4633 | (918) 781-4637 |

FROM:                          Stephen R. Ward

WRITER'S DIRECT DIAL:          (918) 586-8978

WRITER'S DIRECT FAX:           (918) 586-8698

CLIENT MATTER NO.:             08632-0032

TOTAL PAGES (Including cover):  3

If you have any problems with this transmission, please call: Nancy Fields, (918) 586-5707.

        Is this for Service of Documents?
        Please indicate the local time deadline:
        Confirmation Requested?

_____

COMMENTS:

Mary and Annette:

        This afternoon I was able to locate the legislative history on 25 U.S.C. § 2216(c), and it appears to me to be right on point. A copy is attached (see page 22), and we will include it in the final version of our request letter. Thanks again for your help with this matter.

                    Steve

_____

THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address below via the United States Postal Service. Thank you.

CONNER & WINTERS, LLP    4000 One Williams Center    Tulsa, Oklahoma 74172-0148
*www.cwlaw.com*

Case 1:08-cv-00317-RWR    Document 25-2    Filed 09/04/2008    Page 35 of 43
05/25/07  17:23 FAX 9185868982    CONNER & WINTERS    ☒002/003
Case 1:08-cv-00317-RWR    Document 18-13    Filed 06/23/2008    Page 2 of 17

22

distance from where they reside. Such individuals may be willing
to sell or exchange those interests in order to acquire reservation
lands near their home. Because the Secretary has general responsi-
bility to obtain the best value for transactions involving trust
lands, he may refuse to approve a transaction based solely on the
disparity between the land's appraised value and the return consid-
eration. The Secretary would still have the authority to disapprove
questionable transactions. Nevertheless, the Secretary would have
protection from breach of trust claims for transactions that are con-
sistent with this Section. In order to ensure that this subsection
does not result in the dissipation of trust lands, interests acquired
under its provisions may not be taken out of trust for five years
after a conveyance is approved.

*Acquisition of Interest by Secretary.*—Subsection 217(c) addresses
situations where some or most of a parcel is held in trust, but some
undivided interests in the same parcel have passed out of trust. In
these situations, when the land is located within a reservation, the
Secretary is to take these lands into trust forthwith. These provi-
sions will facilitate greater consolidation and assist in the adminis-
tration of interests in trust and restricted lands. In particular, hav-
ing coreservation parcels that are only partially held in trust
interferes with a tribe's ability to consolidate such interests and
each Indian owner's ability to exchange interests in order to con-
solidate their holdings. Since these undivided interests in these
lands are already in trust and located within a reservation, imple-
menting this provision should be relatively simple. Subsection (d)
ensures that the trust status of trust or restricted lands is not af-
fected by the sale or exchange.

*Land Ownership Information.*—Subsection 217(e) addresses an-
other major impediment to transactions directed at consolidating
interests in trust or restricted lands. In most instances, the Com-
mittee assumes that the BIA will readily provide information about
land ownership, especially when the request comes from an Indian
who is seeking information about land on the reservation where he
or she resides, is a member, owns interests, or has some other con-
nection. This subsection will eliminate any ambiguity or confusion
about the Secretary's authority to provide such information.

*Section 218. Reports to Congress.*—Because of the urgency that
Congress attributes to the problem of land fractionation, the Com-
mittee will closely monitor the implementation of the ILCA. The re-
porting requirements of this section will assist Congress in accom-
plishing this objective. First, the Secretary will report to Congress
on the number of fractional interests acquired under the ILCA and
the financial savings associated with those interests. In addition,
the findings required by this section will assist the Congress in de-
ciding whether and how the program may be extended to individ-
uals and Indian tribes.

*Section 219. Approval of Leases, Rights-of-Way, and Sales of Nat-
ural Resources.*—This provision follows from a number of recent
legislative efforts to make interests in trust and restricted lands
more valuable and productive by eliminating the implication that
the consent of each undivided interest holder is required for the
Secretary to approve a lease, agreement, or the sale of natural re-
sources associated with allotted lands. Such legislation is necessary
because 19th and early 20th centuries statutes refer to the lease

## Calendar No. 714

| 106TH CONGRESS 2d Session | SENATE | REPORT 106-361 |
|---|---|---|

---

## TO REDUCE THE FRACTIONATED OWNERSHIP OF INDIAN LANDS, AND FOR OTHER PURPOSES

---

JULY 25, 2000.—Ordered to be printed

---

Mr. CAMPBELL, from the Committee on Indian Affairs,
submitted the following

## REPORT

[To accompany S. 1586]

The Committee on Indian Affairs, to which was referred the bill (S. 1586) to reduce the fractionated ownership of Indian lands, and for other purposes, having considered the same, reports favorably thereon with an amendment in the nature of a substitute and recommends that the bill (as amended) do pass.

### PURPOSE

The purpose of S. 1586 is to amend the Indian Land Consolidation Act to provide a comprehensive framework for addressing the probate and the fractionated ownership of Indian lands in a manner that is consistent with the policy of encouraging tribal self-determination.

### BACKGROUND

Federal policy towards tribal governments has vacillated between two extremes. Since the founding days of the Republic, Federal policy has generally addressed tribal governments directly through a government-to-government relationship.[1] At various times since 1789, however, the Federal government has treated tribal governments with varying levels of apathy or antipathy. The "allotment era," associated with the period from 1887 through 1934, is widely regarded as the most concerted Federal assault on tribal authority.

---

[1] This principle was strongly re-affirmed by President Nixon in 1970, and confirmed by each subsequent Administration. See "Special Message to Congress on Indian Affairs," July 8, 1970 and the Executive Memorandum, on Government-to-Government Relations with Native American Tribal Governments (April 29, 1994).

79–010

AR000175



# CONNER & WINTERS

### ATTORNEYS & COUNSELORS AT LAW

# Fax

DATE:        May 11, 2007

| TO | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| Mary Downing, Deputy Regional Director | Bureau of Indian Affairs, Eastern Oklahoma Region, Muskogee, Oklahoma | (918) 781-4600 | (918) 781-4604 |
| Annette Jenkins | Bureau of Indian Affairs, Eastern Oklahoma Region, Muskogee, Oklahoma | (918) 781-4633 | (918) 781-4637 |

| | |
|---|---|
| FROM: | Stephen R. Ward |
| WRITER'S DIRECT DIAL: | (918) 586-8978 |
| WRITER'S DIRECT FAX: | (918) 586-8698 |
| CLIENT MATTER NO.: | 08632-0032 |
| TOTAL PAGES (including cover): | 11 |

If you have any problems with this transmission, please call: Nancy Fields, (918) 586-5707.

Is this for Service of Documents?
Please indicate the local time deadline:
Confirmation Requested?

COMMENTS:

THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address below via the United States Postal Service. Thank you.

CONNER & WINTERS, LLP   4000 One Williams Center   Tulsa, Oklahoma 74172-0148
www.cwlaw.com

AR000176

Case 1:08-cv-00317-RWR    Document 25-2    Filed 09/04/2008    Page 38 of 43
05/11/07  18:30 FAX 9185868992        CONNER & WINTERS              ☐002/011
Case 1:08-cv-00317-RWR    Document 18-13    Filed 06/23/2008    Page 5 of 17

# CONNER & WINTERS

ATTORNEYS & COUNSELORS AT LAW



**Stephen R. Ward**

Conner & Winters, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
918-586-5711

Direct 918-586-8978
Fax 918-586-8698
*sward@cwlaw.com*

May 11, 2007

**BY FACSIMILE & REGULAR MAIL**
Mary Downing, Deputy Regional Director
Annette Jenkins, Realty Officer
Eastern Oklahoma Region
United States Bureau of Indian Affairs
3100 W. Peak Boulevard
Muskogee, Oklahoma  74401

Re:    Meh-No-Bah Allotment

Dear Mary and Annette:

On behalf of the Quapaw Tribe of Oklahoma (O-Gah-Pah), I wanted to thank each of you for assisting with the pending real estate transaction concerning the Meh-No-Bah Allotment. You both went well beyond the call of duty by providing assistance last night after regular business hours, and the Tribe and I appreciated that very much. As a follow-up to our conversations yesterday, I am forwarding some additional information that may helpful in the process of getting an updated title status report, or in otherwise clarifying the status of the title to this tract.

Chairman Berrey and Tamara Summerfield, who is the Secretary-Treasurer of the Quapaw Tribe, met today with the sellers, Bobbie Rae Killough and Jan Colbert Killough. To assist in resolving the title issues, the Killoughs each provided us with verification of their tribal enrollment (Jan Killough is a member of the Comanche Nation and Bobbie Killough is a member of the Peoria Tribe of Indians of Oklahoma), copies of which are attached. In addition, the Killoughs made applications (copies of which are attached) for a restricted-to-trust conveyance to the Quapaw Tribe through the Indian Land Consolidation Act.

The Killoughs are anxious to close on a conveyance of this property. As Chairman Berrey and I explained yesterday, we initially believed that the Killoughs' interests were in unrestricted fee title, and the uncertainty did not arise until the abstract was completed two weeks ago, and our title examiner had an opportunity to review the situation. The Tribe does not want to lose the opportunity to purchase the Killoughs' interests in the tract, and we have agreed to keep the Killoughs updated about further developments.

Should you need any additional information from the Tribe relating to the tract, please do not hesitate to call me at (918) 586-8978. Again, we appreciate all of the help you are providing

AR000177

Case 1:08-cv-00317-RWR    Document 25-2    Filed 09/04/2008    Page 39 of 43

05/11/07  18:30 FAX 9185868992          CONNER & WINTERS                      ☑003/011
Case 1:08-cv-00317-RWR    Document 18-13    Filed 06/23/2008    Page 6 of 17

Ms. Mary Downing
Ms. Annette Jenkins
May 11, 2007
Page 2

with respect to resolving the title issues on this tract.

Sincerely,

*Stephen N. Ward*

Stephen R. Ward

SRW/nsf

Enclosures

AR000178

05/09/07  16:52 FAX 9185868992          CONNER & WINTERS                    ☑003
Case 1:08-cv-00317-RWR    Document 18-14    Filed 06/23/2008    Page 3 of 15

MAY-01-2006 MON 10:05 AM Quapaw Tribe          FAX NO. 9185424694              P. 01
APR-26-2006 WED 10:18 AM BIA/MIAMI AGENCY      FAX NO. 9185427202              P. 02

**TRANSCRIPT OF OWNERSHIP**
**MEH-NO-BAH**
**QUAPAW AL. # 178/194**

Under the Act of March 2, 1895 (28 Stat. 907), Meh-No-Bah, Allottee # 178/194 was first allotted the following: (Tract # 920 178)

| | | |
|---|---|---|
| NE¼ | Section 11, T.28N., R.22E. | Containing 160 acres |
| Lot #5 (SE¼) | Section 11, T.28N., R.22E. | Containing 16.03 acres |
| Lot # 4 (SE¼) | Section 11, T.28N., R.22E. | Containing 16.69 acres |
| Lot # 3 (SW¼) | Section 11, T.28N., R.22E. | Containing 13.50 acres |

AND in the second allotment (Tract # 920 B 194)

| | | |
|---|---|---|
| SE¼NW¼ | Section 17, T.29N., R.25E. | Containing 40 acres |

MEH-NO-BAH, Quapaw Al. # 178/194, died February 5, 1905, and in Federal Court for the Northern District of Indian Territory, the land was partitioned to the heirs as follows: Document # 51566-06

Alexander Lewis-Beaver, son of prior deceased sister received the E½NE¼, Lot #5, and four (4) acres off the East end of Lot #4 all in Section 11,T.28N., R.22E.

By INDIAN DEED - INHERITED LANDS, dated June 27, 1908, Alexander Lewis-Beaver, and Isadora Beaver, man and wife, conveyed the E½NE¼, Lot #5, and four (4) acres off the East end of Lot #4 all in Section 11,T.28N., R.22E. The deed was approved by Frank Pierce, First Assistant Secretary, and dated October 26, 1908. Document # 030062-88

Pius Quapaw, half brother, received W½NE¼, Lot #3, and Lot # 4 less the 4 acres off the end, all in Section 11, T.28N., R.22E.

By INDIAN DEED – INHERIETED LANDS, dated July 11, 1910, approved October 4, 1910 by Frank Pierce, First Assistant Secretary, Pius Quapaw conveyed the W½NE¼, Lot #3, and Lot # 4 less the 4 acres off the end, all in Section 11, T.28N., R.22E., to G.L. Coleman. Document # 20

The partitioning of the land was for the first allotment only, and the second allotment #194 was not addressed until 1933.

MEH-NO-BAH, Quapaw Al. # 178/194, died February 5, 1905. Meh-No-Bah had prepared a Will, dated July 8, 1899, but it was disapproved under the Act of February 14, 1913, on February 16, 1933 by Jos. M. Dixon, First Assistant Secretary. Under the terms of her Probate # 53672-32 her heirs were determined to be as follows:

| | | | |
|---|---|---|---|
| Ta-Meh Quapaw (Newakis Hampton) | Quapaw Al. # 166/169 | Niece | 1/2 |
| Alexander Lewis (Alexander Beaver) | Quapaw Al. # 162/173 | Nephew | 1/2 |

Meh-No-Bah
Quapaw Al. # 178/194
Tract # 920 B 194

Page 1 of 2

AR000192

05/09/07  16:52 FAX 9185863092        CONNER & WINTERS        ☑004

MAY-01-2006 MON 10:05 AM Quapaw Tribe        FAX NO. 9185424694        P. 02
APR-26-2006 WED 10:18 AM BIA/MIAMI AGENCY    FAX NO. 9185427202        P. 03

**ALEX BEAVER (Alexander L. or Lewis Beaver or Ah-Sah-Ta)**, Quapaw Al. # 162/173, died May 19, 1956 possessing an undivided 1/2 restricted interest in the SE¼NW¼ Section 17, T.29N., R.25E. In accordance with his Will and Probate # 13679-56, H-322-56 his heir was determined to be as follows:

| | | | | |
|---|---|---|---|---|
| Matilda Stand Beaver | Peoria Unal. | Wife | ALL = | 1/2 |

**NEWAKIS HAMPTON (TEMEH OR TAMEH QUAPAW)**, Quapaw Al. # 158/169 died October 27, 1957 possessing an undivided 1/2 restricted interest in the SE¼NW¼ Section 17, T.29N., R.25E. In accordance with her Will and Probate # 8345-58 her heir was determined to be as follows:

| | | | | |
|---|---|---|---|---|
| Odestine Hampton McWatters | Quapaw Unal. | Dau. | All = | 1/2 |

**MATILDA STAND BEAVER**, Peoria Unal., died July 30, 1959 possessing an undivided 1/2 restricted interest in the SE¼NW¼ Section 17, T.29N., R.25E. By the terms of her Will and Probate # H-273-63 her heirs were determined to be as follows:

| | | | |
|---|---|---|---|
| **Billy Lewis Urquhart | Non-Indian | Gr.Son | 1/3 x 1/2 = 1/6 |
| **Jan Colbort Killough | Non-Indian | Gr.Son | 1/3 x 1/2 = 1/6 |
| **Bobbie Rae Killough | Non-Indian | Gr.Dau. | 1/3 x 1/2 = 1/6 |

** SUBJECT to the Life Estate of Ida Louise McQuillin Killough, Peoria Unal.

Under the Peoria Termination Act of August 2, 1956 (70 Stat. 937), Federal supervision was terminated.

**ODESTINE ALBERDINE HAMPTON McWATTERS**, Quapaw Unal., died September 25, 1997, possessing an undivided 1/2 restricted interest in the SE¼NW¼ Section 17, T.29N., R.25E. Under the terms or her Will and Probate # OK 209-P 98 her heirs were determined to be as follows:

| | | | |
|---|---|---|---|
| Yannah F. McWatters Stephenson | Quapaw Unal. | Dau. | 1/2 x 1/2 = 1/4 |
| George R. McWatters, Jr. | Quapaw Unal. | Son | 1/2 x 1/2 = 1/4 |

**Restricted Owners**

| | | | |
|---|---|---|---|
| Yannah F. McWatters Stephenson | 1/4 | or | 1/4 |
| George R. McWatters, Jr. | 1/4 | or | 1/4 |

**Unrestricted**

| | | | |
|---|---|---|---|
| Ida Louise McQuillin Killough | 1/2 | or | 2/4 |

Gail Primeaux
May 10, 2004

Meh-No-Bah
Quapaw Al. # 178/194
Tract # 920 B 194

Page 2 of 2

AR000193



**Jeanette Hanna/DC/BIA/DOI**
05/10/2007 02:48 PM

To  Robert Jaeger/MINNEAPOLIS/BIA/DOI@BIA

cc

bcc

Subject  Re: Quapaw call

**See below.**
Robert Jaeger/MINNEAPOLIS/BIA/DOI



**Robert
Jaeger/MINNEAPOLIS/BIA/D
OI**
05/10/2007 07:16 AM

To  Jeanette Hanna/DC/BIA/DOI@BIA

cc  Brenda Walhovd/MINNEAPOLIS/BIA/DOI@BIA, Dave
Farrar/MINNEAPOLIS/BIA/DOI@BIA, Melissa
O'Connor/MINNEAPOLIS/BIA/DOI@BIA

Subject  Quapaw call

Hi Jeanette, just a heads up.  Mr. Barry called yesterday about the 40 acre tract that the Tribe wants to build a casino on.  He stated the Tribe has 50% ownership.  He wanted to know if ILCP funds can be used to purchase the remainder of the tract from at least two individual owners.  He is waiting to find out from your title plant if the remainder is owned in fee or restricted status. ████████████████████████ He will call back when he finds out.

If he does call, I plan to tell him the Tribe's options under ILCP.

████████████████████████████████████████████

████████████████████████████████ The Quapaw Recoup Fund is an account established for Quapaw from income generated from interests purchased by ILCP.  They currently have about $21,000 in this account.  Theses funds must be used to purchase additional fractionated interests within the land boundaries and the land must be subject to their jurisdiction. ████ He didn't mention a purchase price but if either ILCP or Recoup funds are used the most that can be offered if FMV.  The Tribe, of course, could offer a premium beyond FMV using their own funds.  If the interests are fee and are purchased, it becomes a local Real Estate Services matter of taking land into trust. ████████████████

FYI It appears that Quapaw is down to their last few thousand dollars and we expect they will be out of money by the end of this year.  We will plan to shut down the operation unless Mr. Barry is successful in getting another appropriation.

Robin Jaeger, Director
Indian Land Consolidation Center
Office extensions:
 (715) 682-0310
     682-0471
     682-0650
fax (715) 682-2324
cell phone: (715) 292-0564

AR000201



Bobby
Coleman/ANADARKO/BIA/D
OI

03/09/2007 02:57 PM

To   Joel Miller/ANADARKO/BIA/DOI@BIA
cc
bcc
Subject   Re: NEPA

Joel,

1) ████████████████████████████████████████████

2) ████████████████████ Mary Downing but, the CNI contractor isn't buying the
property, she's just coordinating the paperwork. The Agency is actually buying the property.
████████████████████████████████████████████

Bob Coleman
Regional Environmental Scientist
Division Chief, Division of Environmental,
 Safety and Cultural Resources
Eastern Oklahoma Region
(918) 781-4661
(918) 781-4667 (fax)
Joel Miller/ANADARKO/BIA/DOI

Joel
Miller/ANADARKO/BIA/DOI

03/09/2007 09:13 AM

To   Bobby Coleman/ANADARKO/BIA/DOI@BIA
cc
Subject   NEPA

Bob –

A couple of NEPA questions:

1. ████████████████████████████████████████████

2. I know I am slow to catch on, sometimes.  However, it occurred to me today that our CNI contract
person here in the Agency is buying a lot of property in order to turn it over to the QTO through the ILCA
program.
████████████████████████████████████████████

Thanks.

Joel

AR000202